**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**SOUTHERN SALES, INC., a Mississippi corporation,**
**LARRY WARD AND DOYLE WARD**                              **PLAINTIFFS**

**VERSUS**                      **CIVIL ACTION NO.** 1:14cv214-SA-DAS

**THE TRAVELERS INDEMNITY COMPANY,**
**RENASANT INSURANCE, INC. AND**
**MARTIN ANNELER**                                          **DEFENDANTS**

---

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE that Defendants THE TRAVELERS INDEMNITY COMPANY ("Travelers") and MARTIN ANNELER ("Anneler") (collectively "Defendants"), through counsel, have removed Civil Action No. CV14-109(R)L filed in the Circuit Court of Lee County, Mississippi, to the United States District Court for the Northern District of Mississippi, Aberdeen Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I. CIVIL ACTION REMOVED

1.      On September 26, 2014, Plaintiffs filed suit against Travelers, Anneler, and Renasant Insurance, Inc. ("Renasant"), as a result of the denial of Plaintiffs' insurance claim after a tornado allegedly damaged Plaintiffs' buildings. Plaintiffs assert negligence claims against Renasant based on Renasant's alleged failure to procure sufficient insurance coverage on the buildings. *See* **EXHIBIT A** (Complaint at p.11-12). Plaintiffs also assert several claims against Travelers and Anneler, including bad faith, breach of contract, and gross negligence, in connection with the adjustment and denial of Plaintiffs' insurance claim. Compl. at 4-11.

2.      The state-court action is styled, *Southern Sales, Inc., a Mississippi corporation, Larry Ward and Doyle Ward v. The Travelers Indemnity Company, Renasant Insurance, Inc. and*

1

*Martin Anneler*, and is filed in the Circuit Court of Lee County, Mississippi, bearing Civil Action No. CV14-109(R)L. A complete copy of the state-court file has been requested and will be filed as a separate item as soon as it is received. A copy of the Complaint and Summons to Travelers are attached hereto and labeled as **EXHIBIT A**.

      3.      Travelers was provided with a copy of the Complaint on or about October 20, 2014. It is unknown whether Renasant has been served with process as of the date of removal. Thus, removal of this civil action is filed within thirty (30) days after Travelers was provided a copy of the initial pleading setting forth the claim for relief on which this action or proceeding is based. *See* 28 U.S.C. § 1446(b)(1).

## II. AMOUNT IN CONTROVERSY EXCEEDS $75,000

      4.      According to the Complaint, Plaintiffs seek damages in the following amounts:

      a.      Business Personal Property – $1,543,359.00;

      b.      Premises Location No. 002: Building and Business Personal Property – $1,605,760.00;

      c.      Premises Location No. 003: Building and Business Personal Property – $1,035,840.00;

      d.      Business Interruption – $575,000.00; and

      e.      Punitive Damages – The maximum amount permitted under § 11-1-65 of the Mississippi Code, up to and including Ten Million Dollars ($10,000,000.00).

Compl. at 15. Thus, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

## III. DIVERSITY EXISTS BETWEEN THE PARTIES BECAUSE RENASANT HAS BEEN FRAUDULENTLY JOINED OR, ALTERNATIVELY, FRAUDULENTLY MISJOINED

5.      According to the Complaint, Plaintiffs Larry and Doyle Ward are adult resident citizens of Lee County, Mississippi. Compl. ¶¶ 2-3. Plaintiff Southern Sales, Inc., is a Mississippi corporation. *Id.* ¶ 1. Defendant Renasant is a Mississippi corporation. *Id.* ¶ 5. Defendant Travelers is a foreign corporation, and Defendant Anneler is an adult resident citizen of a foreign state. *Id.* ¶¶ 4, 6.

6.      Renasant, a Mississippi corporation, has been fraudulently joined or misjoined in this action solely to defeat diversity jurisdiction. As a result, its state of residence is disregarded, and there is complete diversity between the parties. *See Mendrop v. Shelter Mut. Ins. Co.*, No. 2:05CV15-P-B, 2006 U.S. Dist. LEXIS 54783, at *5 n.3 (N.D. Miss. Aug. 4, 2006) ("The citizenship of fraudulently joined defendants is disregarded for purposes of determining whether a court has diversity jurisdiction." (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995))).

7.      Renasant's citizenship must be disregarded because Plaintiffs cannot establish a legally viable claim against Renasant under Mississippi law. Since Plaintiffs had access to the policy at issue and had sufficient opportunity to read the policy before the tornado allegedly damaged their buildings, Plaintiffs' claims against Renasant are barred by Mississippi's duty-to-read and imputed-knowledge doctrines. *See Jabour v. Life Ins. Co. of N. Am.*, 362 F. Supp. 2d 736 (S.D. Miss. 2005) (denying plaintiff's motion to remand and holding that plaintiff's claims against Mississippi agent were fraudulently joined because plaintiff was not justified in relying on agent's representations to the extent that the policy language contradicted those representations); *Mladineo v. Schmidt*, 52 So. 3d 1154 (Miss. 2010) (affirming summary judgment as to plaintiffs' claims against agent for negligent misrepresentation and failure to procure because a reading of the policy

3

would have put plaintiffs on notice of the discrepancies between the agent's representations and the policy; thus, plaintiffs could not reasonably rely on agent's representations). *See also Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007) ("Under Mississippi law, a party's reliance on representations by an insurance agent that contradict the policy language is unreasonable."); *GuideOne Mut. Ins. Co. v. Rock*, No. 1:06-CV-218-SA-JAD, 2009 U.S. Dist. LEXIS 64691, at *9 (N.D. Miss. July 22, 2009) ("Mississippi law is clear that a party's reliance on representations by an insurance agent that contradict the policy language is unreasonable."). Any reliance by Plaintiffs on Renasant's representations concerning the extent of coverage on the buildings was unreasonable, thus rendering Plaintiffs unable to recover against Renasant under Mississippi law. A simple reading of the policy would have disclosed the amount of coverage available. Therefore, Renasant has been fraudulently joined in this matter.

8.     Alternatively, Plaintiffs have fraudulently misjoined Renasant in this action to defeat diversity jurisdiction. The claims Plaintiffs assert against Renasant and the claims Plaintiffs assert against Travelers and Annelers do not arise "out of the same transaction, occurrence, or series of transactions or occurrences," nor do they share "any question of law or fact." M.R.C.P. 20(a). The claims against Renasant and the claims against Travelers and Anneler "arise out of separate allegations of wrongdoing occurring at separate times" and "involve different factual issues and different legal issues." *Hegwood v. Williamson*, 949 So. 2d 728, 731 (Miss. 2007). Plaintiffs' allegations against Renasant stem from Renasant's alleged negligence in procuring the requested amount of coverage for the subject buildings. Any failure on Renasant's part to procure the requested coverage is wholly separate and distinct from Anneler's alleged conduct in adjusting Plaintiffs' claim and Travelers's denial of the claim. Furthermore, the negligence allegations against Renasant would have to be proven by completely different evidence than the allegations

4

against Travelers and Anneler. *See id.* This would undoubtedly waste judicial resources and confuse the issues presented to a jury. Consequently, Plaintiffs' claims against Renasant should be severed from those against Travelers and Anneler, and the claims against Travelers and Anneler should remain in this Court.

## IV. JOINDER AND CONSENT OF RENASANT NOT REQUIRED

9.      Because Renasant has not been properly joined in this case, it is not required to join in or consent to this Notice of Removal. *See Williams v. Henson*, 42 F. Supp. 2d 628, 632 n.8 (N.D. Miss. 1999) ("A fraudulently joined defendant need not join in or consent to the removal since only 'defendants who are properly joined and served must join in the removal [notice].'" (alteration in original) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988))).

## V. REMOVAL IS PROPER

10.      For the foregoing reasons, this cause is removable to this Court at this time pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## VI. NOTICE TO THE STATE COURT

11.      As required by 28 U.S.C. § 1446(d), Defendants hereby certify that promptly after filing this Notice of Removal with this Court, written notice of its filing will be given to all parties, and a true and correct copy of this Notice will be filed with the Clerk of Lee County, Mississippi, thereby effecting removal of this action to this Court.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court will receive this Notice of Removal, place it upon the docket of this Court, and that the Circuit Court of Lee County, Mississippi, will proceed no further with this action.

RESPECTFULLY SUBMITTED, this the 19th day of November, 2014.

                          THE TRAVELERS INDEMNITY COMPANY
                          AND MARTIN ANNELER, DEFENDANTS

By:    /s/ James R. Moore, Jr.
              James R. Moore, Jr. (MSB #3445)
              R. Eric Toney (MSB #102349)
              ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, MS 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626
jmoore@cctb.com
etoney@cctb.com

6

## CERTIFICATE OF SERVICE

I, James R. Moore, Jr. / R. Eric Toney, of counsel for Defendants, do hereby certify that I have this day caused to be forwarded by United States mail, postage prepaid, a true and correct copy of the above and foregoing NOTICE OF REMOVAL to the following:

Michael D. Greer, Esq.
GREER, RUSSELL, DENT & LEATHERS, PLLC
P.O. Box 907
Tupelo, Mississippi 38802
        *ATTORNEY FOR PLAINTIFFS*

William C. Spencer, Sr., Esq.
William C. Spencer, Jr., Esq.
SPENCER LAW FIRM
P.O. Box 907
Tupelo, Mississippi 38802
        *ATTORNEYS FOR PLAINTIFFS*

THIS, the 19th day of November, 2014.

                                        /s/ James R. Moore, Jr.
                                        James R. Moore, Jr.
                                        R. Eric Toney

## IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI

**SOUTHERN SALES, INC., a Mississippi corporation,**
**LARRY WARD AND DOYLE WARD**                              **PLAINTIFFS**

**VS.**                                       **CIVIL ACTION NO.** _CV14-109 (R)L_

**THE TRAVELERS INDEMNITY COMPANY,**
**RENASANT INSURANCE, INC. AND**
**MARTIN ANNELER**                                          **DEFENDANTS**

### COMPLAINT

COME NOW the Plaintiffs, Southern Sales, Inc., Larry Ward and Doyle Ward, and bring

this Complaint against Defendants, The Travelers Indemnity Company, Renasant Insurance, Inc.

and Martin Anneler, and for cause would show as follows:

### PARTIES

1. Plaintiff, Southern Sales, Inc., is a Mississippi corporation, organized and existing
   under the laws of the State of Mississippi. Said corporation is in good standing and is
   registered to do business and is currently doing business in Mississippi, with its
   principal places of business at 807, 845 and 847 Coley Road, Tupelo, Mississippi
   38801.

2. Plaintiff, Larry Ward, is an adult resident citizen of Lee County, Mississippi.

3. Plaintiff, Doyle Ward, is an adult resident citizen of Lee County, Mississippi.

4. Defendant, The Travelers Indemnity Company, is a foreign corporation, registered to
   do business in the State of Mississippi, which can be served with process by service on
   its registered agent, United States Corporation Company, 506 S. President St., Jackson,
   MS 39201.

-1-



FILED

TIME_____AM / PM

SEP 2 6 2014

JOYCE LOFTIN
CIRCUIT CLERK
_____ D.C.

EXHIBIT
**A**

5. Defendant, Renasant Insurance, Inc., is a Mississippi corporation, organized and existing under the laws of the State of Mississippi. Said corporation is registered to do business and is currently doing business in Mississippi, with its principal place of business at 315 West Main Street, Tupelo, Mississippi 38801. Defendant, Renasant Insurance, Inc. may be served with process by service on its registered agent for service of process, Stuart Johnson, 209 Troy St., Tupelo, Mississippi 38804.

6. Defendant, Martin Anneler, is an adult resident citizen of a state other than Mississippi, and can be served with process at his place of employment, Travelers, in Hartford, Connecticut.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in Lee County, Mississippi, because the events which make up the basis of this Complaint occurred in said county. The claims herein arise from certain tornado damage to property owned by Plaintiffs and a dispute which has arisen with the Defendants in Lee County, Mississippi, in regard to the acts of negligence by Renasant Insurance, Inc., as well as the Defendants' negligent adjustment and failure to pay insurance proceeds due to the Plaintiffs in connection with damage to their property which is located in Lee County, Mississippi. Furthermore, the bad faith actions of Defendant, Anneler, occurred at the loss premises in Tupelo, Lee County, Mississippi, when he instructed the forensic engineers hired by Travelers to change their opinions regarding coverage for the loss and wrongfully denied the claim while present at the loss location.

-2-

## THE POLICY

8. Defendant, Travelers, sold and issued a property insurance policy bearing policy number 5C997587 to Plaintiffs, Southern Sales, Inc., Larry Ward and Doyle Ward, insuring three buildings located at 807, 845 and 847 Coley Road for wind damage and other risks, with a policy coverage period of 11/27/13 to 11/27/14. A copy of said policy is attached hereto as Exhibit "A" and incorporated herein by reference.

9. The limits of insurance under said policy of insurance are outlined in the attached policy and are incorporated herein by reference. Said policy limits include, but are not limited to, the following coverages:

   a. Business Personal Property - $1,543,359.00;

   b. Premises Location No. 002: Building - $1,605,760.00;

      Business Personal Property – included in blanket limit

   c. Premises Location No. 003: Building - $1,035,840.00;

      Business Personal Property – included in blanket limit

   d. Business Interruption Coverage - $575,001.00

## THE TORNADO

10. A tornado event occurred within Lee, Itawamba and Prentiss Counties in Mississippi on April 28, 2014. The tornado touched down near Tupelo, Mississippi at 2:42 PM (CST) and continued northeast before dissipating on Bay Springs Lake at 3:20 PM (CST). The National Weather Service registered this tornado as an EF-3 tornado event with maximum estimated wind speeds of 150 miles per hour. The preliminary maximum damage path measured 31 miles long (NOAA 2014). The tornado event caused substantial property damage in Tupelo,

Mississippi, including but not limited to wind and water damage to the Plaintiffs' property referenced above.

11. The buildings owned by Plaintiffs were constructed in the mid-1990s in a workmanlike manner and in accordance with the building code of Tupelo, Mississippi.

12. The subject buildings were well-maintained and were in excellent condition at the time of the tornado. For maintenance purposes, the roofs were inspected and caulked at least annually to insure that leaks did not occur. Immediately prior to the time of the tornado, the buildings were in excellent condition, had no leaks and had been inspected by a roofer.

13. During and immediately after the April 28, 2014 tornado and the accompanying rains, the roofs of the buildings began to leak. Over the next several weeks, it was determined that the tornado had caused lift and twisting of the roofs and other structural components of the subject buildings, causing dozens of leaks and water damage.

## BREACH OF CONTRACT

14. Plaintiffs refer to paragraphs 1 through 13, inclusive, and incorporate them as if set forth in full herein.

15. The policy of insurance, attached hereto as Exhibit "A," insured the buildings and contents owned by Plaintiffs for any loss caused by wind or water damage and further provided coverage for business interruption and debris removal. The damage caused by the tornado and accompanying wind and rain and the resulting business interruption and debris removal are all covered losses under the policy of insurance.

16. On several occasions, the Defendant, Martin Anneler, acting within the course and scope of his employment and with authority from Defendant, Travelers, met with the insureds, inspected the property and took photographs. At all times, the Plaintiffs and their managers

-4-

were led to believe that Defendants, Travelers and Anneler, were of the opinion this was a covered loss caused by wind and rain damage.

17. Defendants engaged the services of a purported forensic engineering firm – "Nelson Forensics." Andrew D. Harold and Ryan Schmidt, engineers with Nelson Forensics, inspected the property and issued a report to Defendants regarding the damage to Plaintiffs' property.

18. On information and belief, Nelson Forensics has done substantial work for Defendant Travelers, and Travelers and Defendant Anneler unduly influenced the opinions and conclusions reached in its report.

19. The Plaintiffs' representatives overheard a conversation between the Nelson Forensic engineers and Martin Anneler, while on the premises, and the forensic engineers indicated to the Plaintiffs' representatives and to the insurance adjuster, Anneler, that they had found evidence of wind damage which allowed water to penetrate the roof and opined that this was a covered claim.

20. In the presence of Plaintiffs' representatives, when Martin Anneler was told that the forensic engineers had found evidence of wind damage which allowed water to penetrate the roof and they that opined that this was a covered claim, he threw his hands up, acted angry, and essentially told the forensic engineers that he did not want this to be a covered claim (even though the Plaintiffs had already been assured this was a covered claim, with proof of wind and water damage).

21. On or about June 5, 2014, the report was produced by Nelson Forensics which concluded that there was no wind or water damage caused to the Plaintiffs' property on or about April 28, 2014, or at any time thereafter, which could be considered a "covered loss."

22. As the Plaintiffs perused the report, it was clearly shown in the report and the attached pictures that there was admittedly uplift of the metal portions of the roof and the fasteners.

23. Neither the adjusters nor the engineers ever interviewed the employees who were present at the subject premises both before and after the time of the tornado to determine whether there were leaks prior to the time of the tornado. If they had interviewed the employees or other witnesses, they would have been told that there were no leaks before the tornado event, but there were substantial leaks at the time of the tornado and immediately thereafter.

24. Furthermore, neither the adjusters nor the engineers with Nelson Forensics interviewed the roofer who had been employed by the Plaintiffs for several years for maintenance purposes to determine whether there were any leaks before the tornado. If they had interviewed the roofer, they would have found that the roof was in very good condition prior to the tornado, but after the tornado, the roofer found evidence of uplift of the roof and other damage caused by the tornado which in turn caused water leaks and substantial damage to the buildings and contents.

25. These actions on behalf of Defendant Anneler, in convincing the Nelson Forensics engineers to change their opinion to an opposite opinion that he requested, would place both Nelson Forensics and Defendant Anneler in a more favorable light when doing work for Defendant Travelers, and could lead to financial gain.

26. Convincing the forensic engineers to change their opinions was an intentional act on behalf of Defendant Anneler, or as a minimum, amounts to gross negligence and bad faith, all of which was done for Anneler and Travelers' financial gain.

27. The Plaintiffs' buildings were inspected and photographed by Brian Revere, public adjuster, and by a consulting engineer, and it was determined that there were several roof leaks causing water to enter both buildings. Tests were performed to determine the moisture content in the

roofs and insulation and other areas of the buildings and were documented by photographs. The inspection revealed substantial damage to the roofs and the interior areas due to water damage, as well as serious damage to the contents.

28. Upon completion of the investigation by Revere and other consultants, it was determined that the wind damage caused uplift to the roof along with some twisting and racking of the buildings, which was determined by laser technology and visual inspection. Further, the columns and beams evidenced twisting of the Plaintiffs' structures.

29. Videos were taken during rain storms which occurred shortly after the tornado and they revealed substantial roof leaks in several different areas in both buildings, from the parameter, to the middle, to the other parts of the roof, where the building was lifted and twisted during the strong winds of the April 28, 2014 tornado.

30. Defendant, Travelers, had an obligation under the policy to pay the Plaintiffs' claim based upon the facts and investigation outlined above, determined by the expert witnesses and other witnesses, and supported by documentary evidence and reports. The sole cause of the damage to the buildings and contents was wind and water damage brought on by the April 28, 2014 tornado – covered losses under the subject policy. Defendant Travelers has negligently failed to pay the Plaintiffs' claims made pursuant to the policy attached hereto as Exhibit "A." Moreover, it breached the insurance contract by wrongfully denying the claim and not paying for the damages caused by the tornado.

### GROSSLY NEGLIGENT ADJUSTMENT OF THE INSURANCE CLAIM

31. Plaintiffs refer to paragraphs 1 through 30, inclusive, and incorporate them as if set forth in full herein.

32. On or about June 5, 2014, Defendant Anneler was advised that the Plaintiffs were represented by counsel, as evidenced by the email attached as Exhibit "B." Defendant Anneler immediately called Plaintiff, Larry Ward, individual insured and President of insured, Southern Sales, Inc., and told him that "there is no need for you to get an attorney. I have your claim handled." Mr. Anneler made this contact with Plaintiff Ward after being on specific written notice of Mr. Greer's representation of Southern Sales and its officers and management. Further, Anneler, after having received written notice of representation by email, refused to honor the fact of legal representation of Plaintiffs by their counsel until another letter of representation was sent. After the second letter of representation was provided to Defendant Anneler, which is attached as Exhibit "C," Anneler continued to intentionally and grossly negligently communicate with the insured Plaintiffs, without any notice to their counsel and without requesting attorney involvement. Those actions were intentional and grossly negligent, and were made in an effort to interfere in the contractual relationship between the Plaintiffs and their legal counsel.

33. Anneler wrongfully denied the claim on behalf of Defendant, Travelers, without any basis except to enhance his and Travelers' financial gain. He violated Mississippi laws and rules of ethics by intentionally going around legal counsel to communicate with the Plaintiffs and their representatives. Because of these violations by Defendant Anneler, as well as his suggestions to the Plaintiffs that the claim was covered before telling the experts retained by Defendant Travelers that he did not want the conclusion of coverage to be reached in their report, Brian Revere, public adjuster, asked that the claim be reassigned to another adjuster. On May 30, 2014, Plaintiffs, Larry Ward and Doyle Ward, received an email from the local insurance agent, Kathy Anderson, indicating that the claim was being reassigned to Travelers' adjuster

Ben Kusmak (attached as Exhibit "D.") Next, an email of July 21, 2014 came from Travelers' adjuster, Cassandra Perry, indicating that she would be involved in the claim (attached as Exhibit "E"). Following were communications (attached as cumulative Exhibit "F") between Plaintiffs, their counsel, public adjuster, Brian Revere, the local agent and the Travelers adjusters about the negligent handling of the claim. Ultimately, Michael Brown, another Travelers adjuster, was assigned to the claim.

34. In essence, Brian Revere, the public adjuster, was told by Michael Brown that the claim would be reopened and that he could submit additional evidence. He forthwith submitted additional evidence showing the water damage, roof leaks and damage to contents, and Mr. Brown totally refused to reopen the claim, even though he had promised that he would, and vehemently refused to return to the premises to take another look at the damage.

35. Neither the Defendant insurance company nor the Defendant adjusters fulfilled their contractual obligations under the policy to inspect and determine the damage to the Plaintiffs' buildings and contents and properly adjust the claim. Both Defendant Anneler and the final adjuster, Michael Brown completely failed to investigate the contents portion of the claim, even after several specific requests by the Plaintiffs, although this was a specific additional covered loss under the terms of the policy. The Plaintiffs and Brian Revere, public adjuster, made numerous requests for the adjustment of the contents claim, to no avail.

## GROSS NEGLIGENCE, MALICE AND WILLFUL DISREGARD, AND BAD FAITH DENIAL OF INSURANCE CLAIM

36. Plaintiffs refer to paragraphs 1 through 35, inclusive, and incorporate them as if set forth in full herein.

37. Plaintiffs' structures and contents sustained substantial damage caused by wind and water as a result of the April 28, 2014 tornado. The insurance adjusters representing the Defendant, Travelers, as well as the Defendant agent, suggested to the Plaintiffs' representative that this was a covered loss and they would immediately adjust the claim in good faith. In the midst of the process, Defendant Anneler decided to deny the claim for whatever reason. He hired Nelson Forensics, which had been used by Defendant Travelers on several different occasions, and the Nelson engineers also found evidence of wind and water damage which were covered. Only after being threatened or told specifically in a demanding fashion not to conclude that it was a covered loss, the Nelson report was prepared to indicate that there was no damage caused by the wind or water from the tornado.

38. The investigation was grossly negligent in that the Defendants failed to come back out and take a thorough look at the premises, after promising to do so, or even consider the evidence presented by public adjuster, Brian Revere, showing uplift to the roof and fasteners caused by the tornado. The Defendants failed to interview the roofers or Plaintiffs' employees in order to determine information that would prove that there were no leaks immediately prior to the tornado and were several immediately following the tornado.

39. Defendant Anneler, in addition to changing the opinion of the engineers with Nelson Forensics, also refused to acknowledge that the Plaintiffs were represented by counsel and told the Plaintiffs that they did not need a lawyer, but that their claim could be handled without counsel. All of these actions described above are evidence of bad faith, gross negligence, and willful intent to wrongfully deny the legitimate claim for

-10-

the building and contents loss of the Plaintiffs. These facts, as well as other facts shown above, give rise to a claim for punitive damages for the causes of actions cited herein, thereby entitling, warranting and justifying an award of punitive damages pursuant to §11-1-65 of the Mississippi Code, in the maximum sum permitted under part (3)(a) of that Statute, to Plaintiffs.

## NEGLIGENCE OF RENASANT INSURANCE, INC.

40. Plaintiffs refer to paragraphs 1 through 39, inclusive, and incorporate them as if set forth in full herein.

41. Defendant, Renasant Insurance, Inc., is a Mississippi corporation, qualified to do and doing business in Mississippi, whose principal place of business is in Tupelo, Lee County, Mississippi.

42. Defendant, Renasant Insurance, Inc., wrote the coverage for the subject property, buildings and contents. Although the Plaintiffs requested full coverage for any and all losses, including but not limited to coverage for loss or damage to buildings and contents, as well as coverage for business interruption and debris removal, the Defendant insurance agency failed to procure a proper insurance policy that would provide coverage for water damage to contents. Prior to writing coverage, the Plaintiffs' property was inspected by representatives of Defendant, Renasant Insurance, Inc. and Defendant, Travelers, in order to determine proper coverage amounts. Due to the negligence of Defendants, the contents coverage limit is severely insufficient to cover the substantial contents loss that has been caused by the damages stated herein.

43. Moreover, Defendant, Renasant, was negligent in the procurement of insurance for the subject property in failing to secure more than $25,000 in debris removal coverage.

The Defendant insurance agency failed to procure a proper insurance policy that would provide adequate coverage for debris removal in case of a substantial or total loss. The estimate for debris removal exceeds $200,000. Any reasonably prudent insurance agent should have known that the debris removal coverage should have been a minimum of 5% of the building coverage limit, as opposed to a mere $25,000.

44. Further, Defendant, Renasant, was negligent in that its agent, Kathy Anderson, represented to the Plaintiffs, approximately one month after the loss, that the property damage was "covered" and that the insured needed to keep a record of expenses for necessary protection such as tarps. After being told that the property loss was covered, the Plaintiffs' claim was wrongfully denied by Defendants.

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiffs refer to paragraphs 1 through 44, inclusive, and incorporate them as if set forth in full herein.

46. Defendants knew or should have known that the failure on the part of said Defendants to exercise due care, as evidenced by and through said Defendants' acts and omissions as described hereinabove, would cause individual Plaintiffs, Larry Ward and Doyle Ward, to suffer severe emotional and psychological distress.

47. As a direct and proximate result of the aforementioned unreasonable acts and omissions on the part of Defendants, which amount to gross negligence, bad faith and reckless disregard, Plaintiffs, Larry Ward and Doyle Ward, have suffered and will continue to suffer emotional and physical distress, such that Plaintiffs, Larry Ward and Doyle Ward

have suffered injury to mind and body and thus have sustained actual damages in an amount to be proven at trial.

## VIOLATION OF THE MS UNFAIR CLAIM PRACTICES ACT

48. Plaintiffs refer to paragraphs 1 through 47, inclusive, and incorporate them as if set forth in full herein.

49. Defendants, individually and cumulatively, acted with gross negligence, bad faith and reckless disregard for the rights of Plaintiffs and contrary to the insurance policy sold to the Plaintiffs in their investigation and adjustment of the claim of Plaintiffs, Southern Sales, Inc., Larry Ward and Doyle Ward. Although the claim was submitted promptly and properly, the Defendants have failed to timely and properly adjust the claim and have failed to pay the insurance proceeds owed to Plaintiffs in connection with the claim. These actions by Defendants are as a matter of law contrary to the Unfair Claim Practices Act, which has been adopted in Mississippi jurisprudence by the cases of *Florence M. Lewis v. Equity National Life Insurance Co.*, 637 So.2d 183 (Miss. 1994) and *Patrick Essinger, Sr., et al v. Liberty Mutual Fire Insurance Company*, 529 F.3d 264 (Miss. 2008). The *Lewis* case states in pertinent part:

> In June 1990, the NAIC (National Association of Insurance Commissioners) adopted the Model Unfair Claims Settlement Practices Act. Pursuant to its Standards for Prompt, Fair and Equitable Settlements Applicable to All Insurers, an insurer is allowed twenty-one days to advise the insured that his claim has been accepted or denied. If the investigation is not completed within that time, the insurer must advise the claimant in writing within forty-five days of the initial claim and every forty-five days thereafter of the reasons why additional time is required. Model Unfair Claims Settlement Practices Act §§7A and 7B (NAIC 1991).

The *Essinger* decision, quoting *Lewis*, states that "inordinate delays in processing claims and a failure to make a meaningful investigation have combined to create a jury question on bad

-13-

faith. *Lewis v. Equity Nat. Life Ins. Co.,* 637 So.2d 183, 187-188 (Miss. 1994). The allegation in *Lewis* was a "bad-faith failure to investigate the claim that was made." Further, *Amfed Cos., LLC v. Jordan,* 2009 Miss. App. LEXIS 899 (Miss. Ct. App., Dec. 15, 2009) states "An unreasonable delay in resolving a claim can qualify as recoverable bad faith. *Miss. Code Ann.* §71-3-37(1) (Rev. 2000) sets forth that compensation shall be paid promptly. Additionally, Mississippi law imposes a duty upon insurers to "conduct a reasonably prompt investigation of all relevant facts." In allowing a claim for punitive damages, the Court states in *Eichenseer v. Reserve Life Ins. Co.,* 682 F.Supp. 1355; U.S. Dist. LEXIS 3057 (Miss. 1988) that "Reserve Life would have been justified in delaying a final decision on plaintiff's claim if it had used the additional time to further investigate her prior medical history and the facts surrounding her hospitalization. Although the initial denial of her claim on June 2, 1983, may have been the result of mere negligence, the decision to repeatedly deny her claim until after suit was filed is the result of more than simple negligence." As in the cases cited herein, Defendants failed to conduct a reasonably prompt investigation of all relevant facts and are guilty of bad faith and subject to punitive damages. Even after being requested by the Plaintiffs to do so, the Defendants wholly failed to investigate the relevant facts regarding the condition of the building prior to the tornado and failed to even address the claim for damage to the building contents.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Southern Sales, Inc., Larry Ward and Doyle Ward, file this Complaint and demand judgment against the Defendants in an amount sufficient to fully compensate them for their property damage, contents damage, business interruption losses, debris removal cost, extra-contractual damages, costs, attorney's fees, pre-judgment interest and post-judgment interest and for punitive and exemplary damages in an amount sufficient to punish them for their actions

and to deter them from similar actions in the future, together with an award of attorneys' fees and damages caused to the Plaintiffs as a result of Defendants' bad faith refusal to pay insurance proceeds. Plaintiffs therefore demand judgment against Defendants for the following damages:

    a.    Business Personal Property - $1,543,359.00;

    b.   Premises Location No. 002: Building and Business Personal Property - $1,605,760.00;

    c.   Premises Location No. 003: Building and Business Personal Property - $1,035,840.00;

    d.   Business Interruption - $575,000.00; and

    e.   Punitive Damages - The maximum amount permitted under §11-1-65 of the Mississippi Code, up to and including Ten Million Dollars ($10,000,000.00).

Plaintiffs further demand trial by jury.

This the 26 day of September, 2014.

                                    Respectfully submitted,

                                    SOUTHERN SALES, INC., LARRY WARD
                                    AND DOYLE WARD, PLAINTIFFS

                         BY     _Michael D. Greer_____
                                  Michael D. Greer
                                  MSB No. 5002
                                  William C. Spencer, Sr.
                                  MSB No. 7732
                                  William C. Spencer, Jr.
                                  MSB No. 10365

GREER, RUSSELL, DENT &
LEATHERS, PLLC
POST OFFICE BOX 907
TUPELO, MS 38802
TELEPHONE: 662-842-5345
FAX: 662-842-6870

SPENCER LAW FIRM
POST OFFICE BOX 907
TUPELO, MS 38802
TELEPHONE: 662-821-1733
FAX: 662-842-6870

## IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI

**SOUTHERN SALES, INC., a Mississippi corporation,**
**LARRY WARD AND DOYLE WARD**                                    **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO.  CV14-109(R)L**

**THE TRAVELERS INDEMNITY COMPANY,**
**RENASANT INSURANCE, INC. AND**
**MÀRTIN ANNELER**                                    **DEFENDANTS**

### SUMMONS

TO:    THE TRAVELERS INDEMNITY COMPANY
       C/O UNITED STATES CORPORATION COMPANY, REGISTERED AGENT
       506 S. PRESIDENT ST.
       JACKSON, MS  39201

You are hereby summoned and required to serve upon Michael D. Greer, plaintiffs' attorney, whose address is 117 North Broadway Street, Post Office Box 907, Tupelo, MS 38802-0907, an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____
Clerk of Court

[Seal of Court]

Dated: ___10/16/14___

(This summons is issued pursuant to Rule 4 of the Mississippi Rules of Civil Procedure).